The opinion of the court was delivered by
Mare, J.
This a suit for the tax, under an ordinance of the city of New Orleans, on coal boats, for wharfage and levee dues; and the only question is as to the legality of that tax.
*66 The coal boats, with their cargoes, came from other States, principally from Pennsylvania; and they were moored in the river in front of the property of Fortier, in the Sixth District of the city, at a distance of several miles above the wharves and landing-places at which cargoes are received and discharged. At this locality, the city.has .constructed no works, made no landing-place, expended no money. The coal is neither sold nor discharged there; and all that is required is suitable check-posts, to which the boats may be fastened, so that they may be .safely kept, where they in no manner obstruct navigation, until sales are effected, when they are removed, and taken elsewhere for discharge and delivery. The necessary check-posts have been and still are furnished and planted by Fortier, the front proprietor.
The tax is two cents a foot on each boat for fifteen days, and the ■aggregate amount on the fleet of coal boats usually moored in this vicinity would be several thousand dollars annually.
By the acts of Congress under which Louisiana was admitted into the Union the Mississippi river was declared to be a public highway, «' and forever free, as well to the inhabitants of said State as to the inhabitants of other States and the Territories of the United States, without any tax, duty, impost, or toll therefor, imposed by said State: and these provisions shall be considered, deemed, and taken as fundamental conditions and terms upon which the said State is incorporated in the Union.” Act of 1812, section one. 2 Statutes at Large, p. 703; Act of 1811, same vol., p. 642.
The Civil Code is to the same effect. It declares the navigable waters of the State public highways ; and gives to every one the right to use the banks freely, to land his vessels there, and to make them fast to the trees which are there planted. E. C. C. articles 453, 454, 455.
This whole subject was considered by the Supreme Court of the United States, in Cannon vs. the City of New Orleans, 20 Wallace, 577, as it has been in other cases, in that court and in our courts. The doctrine is plainly laid down, and it is perfectly settled, that the front proprietor, whether an individual or a municipal corporation, may construct wharves and landing-places for the convenience and safety of vessels in receiving and discharging cargoes; and if the owners of such vessels choose to use such wharves and landing-places, they are bound to pay reasonable compensation for such use. The only ground on which any sum can be claimed by the front proprietor from the owners of vessels for mooring at the banks of public navigable waters, and there discharging and receiving cargoes, is that such proprietor by the expenditure of money and labor has constructed and maintains works which facilitate the discharging and receiving of cargoes, and afford to vessels the means of mooring and remaining in security.
*67 The proof is clear, in this case; that the city- hasdone no work, has •expended no money, at the place at which these coal boats were moored, to authorize any tax on them, or to require any pay or compensation for the use by them of. the river or its banks. • •...• '
We agree' with 'the justice who tried this casé, that the ordinance which subjects to wharfage and levee dues vessels lying at the place at which these coal boats were moored, is the imposition of a tax without any corresponding benefit in the way of facilities for landing. Such •a tax is beyond the power of the municipal government; and it can not be enforced.
The judgment appealed from is therefore affirmed, with costs.